# IN THE COURT OF APPEALS OF IOWA

No. 24-1326
Filed October 2, 2024

**IN THE INTEREST OF S.M.,**
**Minor Child,**

**S.W., Mother,**
  **Appellant.**
_____

Appeal from the Iowa District Court for Story County, Hunter W. Thorpe,

Judge.


A mother appeals the termination of her parental rights. **AFFIRMED.**



Nathan Hostetter of Hostetter Law Office, Ames, for appellant mother.

Brenna Bird, Attorney General, and Tamara Knight, Assistant Attorney

General, for appellee State.

Shannon M. Leighty of Public Defender's Office, Nevada, attorney and

guardian ad litem for minor child.


Considered by Schumacher, P.J., and Buller and Langholz, JJ.

**SCHUMACHER, Presiding Judge.**

A mother appeals the termination of her parental rights, asserting that the district court should have applied a permissive exception to preclude termination because of the mother's close bond with her child. Upon our de novo review, we affirm the termination of the mother's parental rights.

## I.     Background Facts and Proceedings

S.M. is a one-year-old female, born in January 2023. Her umbilical cord was positive for methamphetamine. Her mother admitted to being a daily methamphetamine user until she discovered she was pregnant. A safety plan was established that required the parents to be supervised at all times with S.M. When the safety plan was violated, the court formally removed S.M. from parental custody.[1] At the time of the initial removal, S.M. was less than one week old.

Following the adjudication of S.M. as a child in need of assistance in April 2023, S.M. was returned to her mother's custody. A dispositional hearing was held in May 2023, and the child remained with the mother. But S.M. was removed from her mother's custody a second time later that month, primarily because the mother was allowing contact between the child and the father, who was not participating in services. S.M. was returned to the mother's custody on June 6, but removed for a third time in early October because the mother was uncooperative with family-centered services, was struggling with mental health, and was hospitalized for suicidal ideation. The mother had also been arrested for domestic abuse assault.

---

[1] The father's parental rights were terminated by the district court, and the decision was affirmed by this court in July 2024. *See In re S.M.*, No. 24-0811, 2024 WL 3518080 (Iowa Ct. App. July 24, 2024).

The mother was granted an extension of time for reunification efforts in January 2024. The mother made plans to relocate to Mason City for a fresh start and was engaged in visitation and therapy. But her success was short-lived. Since the October removal, the mother tested positive for methamphetamine twice, missed six other drug tests, and produced one negative drug screen. Law enforcement had contact with the mother, including for violation of a no contact order with the father. She admitted to methamphetamine use in March. She later admitted to marijuana use. The court directed the State to petition to terminate the mother's parental rights following a permanency review hearing.

S.M. is residing with her paternal grandmother, her third placement outside parental custody since birth. This placement and other relatives have at various times in the case expressed an interest in adopting S.M.[2]

## II. Standard of Review

"Our review is de novo." *In re E.C.*, No. 20-0665, 2020 WL 4201764, at *1 (Iowa Ct. App. July 22, 2020); *accord In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010) (concluding "the proper standard of review for all termination decisions should be de novo").

## III. Analysis

In general, we follow a three-step analysis in reviewing the termination of a parent's rights. *See P.L.*, 778 N.W.2d at 39. First, we consider whether there is a statutory ground for termination of the parent's rights under Iowa Code

---

[2] The record is unclear as to the current placement's intentions to adopt S.M. at the time of the termination hearing, but the placement had expressed willingness to adopt S.M. at the permanency hearing.

section 232.116(1) (2024). *Id.* Second, we look to whether termination of the parent's rights is in the child's best interests. *Id.* (citing Iowa Code § 232.116(2)). Third, we consider whether any of the exceptions to termination in section 232.116(3) should be applied. *Id.* But when the parent does not raise a claim relating to any of the three steps, we do not address that step and instead limit our review to the specific claims presented. *See id.* at 40 (recognizing we do not consider a step the parent does not challenge).

The mother's sole issue on appeal is that the district court should have applied the permissive exception located in Iowa Code section 232.116(3)(c) to preclude termination due to her close bond with the child. So we limit our discussion to this issue.

The district court addressed the requested permissive exception as follows:

> Iowa Code section 232.116(3) provides a list of statutory exceptions to termination. The Mother contends the closeness of the parent-child relationship precludes termination. These exceptions are permissive and not mandatory. *See* Iowa Code § 232.116(3). Evidence in the record shows the child is close to the Mother. The most recent Department [of Health and Human Services] report indicates the child is sad when visitation ends. Here, the love between the parent and child is clear. However, the core of the analysis is whether termination would disadvantage the child in such a way that overcomes the parents' inability to provide proper care for a child. *See In re D.W.*, 791 N.W.2d 703, 709 (Iowa 2010). The child has been outside the care or custody of the Mother for nine months and while the child knows the Mother, the child has spent more time in the care and custody of other[s] than the Mother. The Mother has a history of addiction, and her recent past performance indicates a low probability of success unless a dramatic shift were to occur. There likely will be some harm to the child due to termination, but it is the harm that is expected with every termination of parental rights actions. The disadvantage to termination in this case is nominal in comparison to the actual harm that would occur due to the Mother's inability to provide a safe home for the child. The Mother has not established that any detriment outweighs the concerns with her substance abuse and mental health.

Upon our careful de novo review of the record, we agree with the district court's decision declining to apply this permissive exception. "The statutory exception found in section 232.116(3)(c) requires proof by clear and convincing evidence to justify its application." *In re L.V.*, No. 15-0395, 2015 WL 4936368, at *1 (Iowa Ct. App. Aug. 19, 2015). And for permissive exceptions, the parent claiming the exception has the burden to prove it should apply. *In re A.S.*, 906 N.W.2d 467, 476 (Iowa 2018).

As to the bond with the child, the mother's visitation with S.M. has not been consistent. Still, the child recognizes her mother, and we have no reason to doubt the mother's expression of love for the child. But as noted by the district court, the mother's professed love for her daughter is not enough to trigger the application of this permissive exception. *See D.W.*, 791 N.W.2d at 709 (noting the consideration when assessing the exception in section 232.116(3)(c) is not the parent's love for the child, but whether the child will be disadvantaged by termination).

We conclude the mother failed meet her burden to demonstrate that termination of her parental rights would be detrimental to the child, highlighting the frequency of removal from the mother's custody since the child's birth, the length of the most recent removal, and the mother's inability to demonstrate sustained sobriety and address her mental health concerns. We conclude that any disadvantage of termination does not overcome the safety concerns for S.M. that would exist in denying termination.

**IV.    Conclusion**

We affirm the termination of the mother's parental rights, determining that the mother failed to meet her burden to demonstrate that a permissive exception should be applied to preclude termination.

**AFFIRMED.**